UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

JERMAINE ALLEN OSBY,

       Petitioner,

v.                                  Case No. 2:14-CV-153
                                     HON. ROBERT HOLMES BELL

CATHERINE BAUMAN,

       Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner filed this § 2254 petition for a writ of habeas corpus challenging the validity of his state court conviction for violations of his constitutional rights. On November 30, 2011, a jury convicted Petitioner of first degree home invasion. PageID.11-12. Petitioner was sentenced to 120 to 360 months imprisonment for this offense. PageID.1. Petitioner remains in the custody of the Michigan Department of Corrections (MDOC).

After his trial, Petitioner filed a direct appeal to the Michigan Court of Appeals. PageID.12.  The appellate court affirmed his conviction and denied his claims on July 23, 2013. PageID.12. Petitioner then appealed to the Michigan Supreme Court, which denied his appeal on December 23, 2013. PageID.12. Petitioner did not file a motion for relief from judgment or seek a petition for certiorari in the United States Supreme Court. Instead, Petitioner filed a habeas petition in this Court on July 21, 2014. ECF No. 1.

Petitioner maintains that his conviction was based on violations of his state and federal rights. Petitioner raises the following claims for relief:

I. [T]he Defendant['s] sentence should be overturned because are was [sic] insufficient evidence at trial to prove defendant guilty.

II. The juror was not instructed [about how they] must unanimously agree on which was proven beyond a reasonable doubt.

III. The trial court denide [sic] the Defendant a fair trial and his due process rights.

IV. [T]he Prosecutor's actions denide [sic] the Defendant a fair trial and due process rights under Michigan [and] federal constitutions.

PageID.16-17, 19-20. Respondent filed an answer to Petitioner's habeas petition on March 9, 2015. ECF No. 9. Petitioner did not file a reply. The matter is now ready for a decision.

Petitioner filed this petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996. PUB. L. 104-132, 110 STAT. 1214 (AEDPA); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002) (noting that AEDPA prevents federal habeas "retrials" and ensures state convictions are made under state law). 28 U.S.C. § 2254(d) provides that any habeas application by a person in state custody shall not be granted in regards to any claim that has previously been adjudicated on the merits in state court unless the adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

This Court may only consider "clearly established holdings" of the Supreme Court, not lower federal courts, in analyzing a petitioner's claim under § 2254. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). A

decision of the state court may only be overturned if: (1) it applies a rule contradicting Supreme Court governing law, (2) it contradicts a set of facts materially indistinguishable from a Supreme Court decision, (3) it unreasonably applies correct Supreme Court precedent to the facts of the case, (4) it unreasonably extends Supreme Court legal principles where it should not apply, or (5) it unreasonably refuses to extend Supreme Court legal principle where it should apply. *Bailey*, 271 F.3d at 655; *see also Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

A federal habeas court may not find a state adjudication to be "unreasonable" simply because that court decides, in its own judgment, that the relevant state decision applied federal law incorrectly. *Williams*, 529 U.S. at 410-11 (noting that it must instead determine if the state court's application of clearly established federal law was "objectively unreasonable"). This Court defers to state court decisions when the state court addressed the merits of petitioner's claim. *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000); *see Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (allowing review of habeas application *de novo* when state court clearly did not reach the question). When applying AEDPA to state factual findings, factual issues by state courts are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429.

Petitioner's first claim is that his sentence should be reversed because there was "insufficient evidence at trial to prove defendant guilty." PageID.16. Petitioner states that because there was "no scientific evidence showing intent to commit larceny or that an assault occurred," the evidence at trial did not sufficiently prove the elements of home invasion in the first degree. PageID.16. Petitioner also indicates that the homeowner (victim) was not credible. PageID.16.

-3-

A § 2254 challenge to the sufficiency of the evidence is governed by the standard set forth by the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), which is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." This standard of review recognizes the trier of fact's responsibility to resolve reasonable conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Id.* Issues of credibility may not be reviewed by the habeas court under this standard. *See Herrera v. Collins*, 506 U.S. 390, 401-02 (1993). Rather, the habeas court is required to examine the evidence supporting the conviction, in the light most favorable to the prosecution, with specific reference to the elements of the crime as established by state law. *Jackson*, 443 U.S. at 324 n.16; *Allen v. Redman*, 858 F.2d 1194, 1196-97 (6th Cir. 1988).

Moreover, because both the *Jackson* standard and AEDPA apply to Petitioner's claims, "'the law commands deference at two levels in this case: First, deference should be given to the trier-of-fact's verdict, as contemplated by *Jackson*; second, deference should be given to the Michigan [trial court's] consideration of the trier-of-fact's verdict, as dictated by AEDPA.'" *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc) (quoting *Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008)). This standard erects "a nearly insurmountable hurdle" for petitioners who seek habeas relief on sufficiency-of-the-evidence grounds. *Id*. at 534 (quoting *United States v. Oros*, 578 F.3d 703, 710 (7th Cir. 2009)).

Petitioner raised this claim on direct appeal to the Michigan Court of Appeals. The appellate court reviewed the claim on the merits and denied it for the following reasons:

Defendant claims the prosecutor presented insufficient evidence to

-4-

support his home invasion conviction. To determine the sufficiency of the evidence, we consider "whether the evidence, viewed in a light most favorable to the people, would warrant a reasonable juror in finding guilt beyond a reasonable doubt. The standard of review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v. Nowak*, 462 Mich. 392, 3990400; 614 NW2d 78 (2000). To establish first-degree home invasion, the prosecutor had to show that (1) the defendant broke and entered a dwelling or entered the dwelling without permission; (2) when the defendant did so, he intended to commit a felony, larceny, or assault, or he actually committed a felony, larceny, or assault while entering, being present in, or exiting the dwelling; and (3) another person was lawfully present in the dwelling or the defendant was armed with a dangerous weapon. See *People v. Sands*, 261 Mich. App. 158, 162; 680 NW2d 500 (2004); MCL 750.110a(2). The first and third elements were established by Harper's testimony that defendant entered his house without permission when Harper was at home. For the second element, the prosecutor presented alternative theories: (1) that defendant intended to commit a larceny in the house or (2) that he committed an assault while entering, being present in, or exiting the house.

Relying on *People v. Young*, 89 Mich. App. 753, 763; 282 NW2d 211 (1979), defendant claims the prosecutor's use of circumstantial evidence requires that an inference of criminal intent must be shown with "impelling certainty." However, the case law defendant cites has been disavowed. See *People v. Erikson*, 288 Mich. App. 192, 196; 793 NW2d 120 (2010). "Intent to commit larceny cannot be presumed solely from proof of the breaking and entering." *People v. Uhi*, 169 Mich. App. 217, 220; 425 NW2d 519 (1988). There must be at least "some circumstance reasonably leading to the conclusion that larceny was intended." *People v. Palmer*, 42 Mich. App. 549, 552; 202 NW2d 536 (1972). "However, intent may reasonably be inferred from the nature, time and place of [a] defendant's acts before and during the breaking and entering." *Uhi*, 169 Mich. App. at 220. Here, the evidence showed that defendant had some familiarity with Harper and the house, and broke into the home from the rear window in the very early morning. Defendant acted furtively and in the dark, when it was unlikely people would be up and about in the area or in the house. Further, defendant was familiar with the exterior of the home, the resident, and the neighborhood. This all provides sufficient evidence to support an inference that defendant broke into the home with the

intent to commit a larceny. *Id.*

> Harper also testified that defendant struck him in the face after Harper fell onto the bed and pulled his knees up in an attempt to shield himself. This constitutes evidence of a completed battery and, therefore, there was evidence of an assault. See *People v. Nickens*, 470 Mich. 622, 628; 685 NW2d 657 (2004) (quotations and citations omitted) ("[I]t is impossible to commit a battery without first committing an attempted-battery assault."). While defendant asserts that insufficient evidence supported his conviction because Harper was not credible, this claim is meritless. "We do not interfere with the jury's assessment of the weight and credibility of witnesses or evidence . . . ." *People v. Dunigan*, 299 Mich. App. 579, 582; 831 NW2d 243 (2013).

*People v. Osby*, No. 308494, 2013 WL 3814343, at **1-2 (Mich. Ct. App. Jul. 23, 2013). The appellate court's review of Petitioner's claim is thorough and complete, and it does not improperly apply Supreme Court precedent to the facts of Petitioner's case.

Petitioner's contention that there should have been scientific evidence to prove his guilt beyond a reasonable doubt is meritless. There is no requirement that a prosecutor must present scientific evidence before a jury may convict a person of home invasion in the first degree in Michigan. Consequently, I recommend that this claim be denied.

With regard to Petitioner's second, third, and fourth claims, these are all procedurally defaulted because Petitioner did not object at trial to the jury instructions and instances of prosecutorial misconduct as required under Michigan's contemporaneous objection rule. *See Osby*, 2013 WL 3814343, at **2-5. The Michigan Court of Appeals expressly noted the default; however, the appellate court then reviewed Petitioner's claims for plain error, finding none. In this circuit, "plain error review does not constitute a waiver of state procedural default rules." *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000) (citations omitted); *Scott v.*

*Mitchell*, 209 F.3d 854, 866-68 (6th Cir. 2000); *see also  Coe v. Bell*, 161 F.3d 320, 330 (6th Cir.

1998) (state court's alternative holding on the merits does not require federal court to disregard

the procedural bar); *McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991) (same); *Paprocki v.*

*Foltz*, 869 F.2d 281, 284-85 (6th Cir. 1989) (claim is defaulted even where the state court may

excuse the default for "manifest injustice"); *Federico v. Yukins*, No. 93-2424, 1994 WL 601408,

at *3-*4 (6th Cir. Nov. 2, 1994) (same, for "miscarriage of justice").

   The Michigan Court of Appeals expressly relied on Michigan's contemporaneous

objection rule in denying Petitioner's claim.  It is clear that the contemporaneous objection rule

was well-established at the time of Petitioner's trial.  *See, e.g.*, *People v. Kelly*, 378 N.W.2d 365,

369-70 (Mich. 1985).  A rule designed to arm trial judges with the information needed to rule

reliably "serves a governmental interest of undoubted legitimacy."  *Lee v. Kemna*, 534 U.S. 362,

385 (2002).  Petitioner's failure to comply with the state's independent and adequate state

procedural rule, *i.e.*, making a contemporaneous objection, caused him to default his claims in

state court.  *See Wainwright v. Sykes*, 433 U.S. 72, 86-88 (1977); *Taylor v. McKee*, 649 F.3d 446,

450 (6th Cir. 2011); *Awkal v. Mitchell*, 613 F.3d 629, 648 (6th Cir. 2010); *Lancaster*, 324 F.3d at

437; *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996).  Accordingly, review by this court is barred

unless Petitioner can show cause and prejudice to excuse the default.  *Coleman v. Thompson*, 501

U.S. 722, 750 (1991); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

   When a petitioner has procedurally defaulted his federal claim in state court, the

petitioner must demonstrate either (1) cause for his failure to comply with the state procedural

rule and actual prejudice flowing from the violation of federal law alleged in his claim, or (2) that

a lack of federal habeas review of the claim will result in a fundamental miscarriage of justice.

*See House v. Bell*, 547 U.S. 518, 536 (2006); *Murray*, 477 U.S. at 495. The miscarriage-of-justice exception can only be met in an "extraordinary" case where a prisoner asserts a claim of actual innocence based upon new reliable evidence. *House*, 547 U.S. at 536. A habeas petitioner asserting a claim of actual innocence must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Here, Petitioner does not assert actual innocence based upon new reliable evidence. As a result, Petitioner has not excused his procedural default by way of the "miscarriage of justice" option. With regard to cause and prejudice, Petitioner does not explain why he did not object to the jury instructions or instances of prosecutorial misconduct at trial, or how these alleged wrongdoings prejudiced the outcome of his case. Petitioner's failure to satisfy either prong for excusing a procedural default means his second through fourth claims remain procedurally defaulted for purposes of federal habeas review. Therefore, I recommend that these claims be denied.

Overall, I conclude that all of Petitioner's claims should be denied. Should Petitioner choose to appeal this action, the Court must determine whether a certificate of appealability may be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Each issue must be considered under the standards set forth in *Slack v. McDaniel*, 529 U.S. 473 (2000). Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the

district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.  I examined each of Petitioner's claims under the *Slack* standard and conclude that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong.  Therefore, I recommend that a **CERTIFICATE OF APPEALABILITY BE DENIED** as to each issue raised by Petitioner.

For the same reasons I recommend dismissal of this action, I certify that any appeal by Petitioner would be frivolous and not taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24.  Therefore, it is recommended that any application by Petitioner for leave to proceed *in forma pauperis* on appeal be **DENIED**.

In summary, I recommend that Petitioner's habeas claims, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED WITH PREJUDICE**.

**NOTICE TO PARTIES**: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

Date: ___7/26/2016_____         __/s/ *Timothy P. Greeley*_____
                                HON. TIMOTHY P. GREELEY
                                UNITED STATES MAGISTRATE JUDGE