UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


JERMAINE ALLEN OSBY,

        Petitioner,

                                    Case No.  2:14-cv-153

v.

                                      HON. ROBERT HOLMES BELL

CATHERINE BAUMAN,

        Respondent.

_____/


## OPINION

     This is a habeas corpus petition brought by a state prisoner under 28 U.S.C. § 2254. The matter was referred to Magistrate Judge Timothy Greeley, who issued a Report and Recommendation ("R&R") on July 26, 2016, recommending that this Court deny the petition.  (ECF No. 14.)  The matter is before the Court on Petitioner's objections to the R&R.  (ECF No. 23.)

     This Court is required to make a de novo review upon the record of those portions of the R&R to which specific objections have been made, and may accept, reject, or modify any or all of the magistrate judge's findings or recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed.  The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

Petitioner made two objections. First, he objects to the Magistrate Judge's conclusion that there was sufficient evidence to convict Petitioner. Next, he objects to the Magistrate Judge's conclusion that his second, third, and fourth claims are procedurally defaulted. Petitioner argues that these claims were procedurally defaulted due to ineffective assistance of counsel.

## I.

When a petitioner's claim has been adjudicated on the merits in state court, § 2254(d) provides that a habeas petition shall not be granted unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the state-court proceeding.

28 U.S.C. § 2554(d)(1)-(2). Under the contrary-to clause, "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). To justify habeas relief, a federal court must find a violation of law clearly established by holdings of the Supreme Court, as opposed to its dicta, at the time of the relevant state-court decision. *Id.* at 412. Moreover, a federal court may not find a state adjudication unreasonable "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or

incorrectly." *Id.* Rather, the application must also be "unreasonable." *Id.* Under the unreasonable-applicable clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

This Court defers to state-court decisions when the state court addressed the merits of Petitioner's claim. *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). The state court's factual findings are presumed to be correct but may be rebutted by Petitioner with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Under a sufficiency-of-evidence challenge, the Court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This takes into account the jury's responsibility to resolve reasonable conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts. *Id*. Because both the *Jackson* standard and AEDPA apply to Petitioner's claims, "'the law commands deference at two levels in this case: first, deference should be given to the trier-of-fact's verdict, as contemplated by *Jackson*; second, deference should be given to the Michigan [trial court's] consideration of the trier-of-fact's verdict, as dictated by AEDPA.'" *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc) (quoting *Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008)). This creates "a nearly insurmountable hurdle" for a petitioner seeking habeas relief on sufficiency-of-evidence grounds. *Id.* at 534 (internal quotation omitted).

The Supreme Court has set forth a two-prong test to evaluate claims of ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Id.* A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Petitioner bears the burden of overcoming this presumption. *Id.* Moreover, when a federal court reviews a state court's application of *Strickland* under § 2254(d), the review is "doubly" deferential. *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citing *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)). A federal court must determine "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

## II.

### A. Sufficiency of Evidence

First, Petitioner argues that there was insufficient evidence to justify a reasonable conclusion of guilt beyond a reasonable doubt. He claims that the prosecution asked the jury to speculate, which was improper, and did not present any scientific evidence of guilt. Petitioner raised this claim on appeal, and the Michigan Court of Appeals denied relief on the merits. *People v. Osby*, No. 308494, 2013 WL 3814343, at *1 (Mich. Ct. App. Jul. 23, 2013). The court applied the proper standard to evaluate the sufficiency of the evidence presented at trial. *Id.* at *1-2 (evaluating "whether the evidence, viewed in a light most

4

favorable to the people, would warrant a reasonable juror in finding guilt beyond a reasonable doubt"). The court's denial was not contrary to, and did not involve an unreasonable application of, clearly established federal law. Moreover, the decision was not based on an unreasonable application of facts in light of the evidence presented at trial. Thus, Petitioner has failed to overcome the "nearly insurmountable hurdle" for relief for an insufficient-evidence claim. *Davis,* 658 F.3d at 534.

B. Ineffective Assistance of Counsel

Petitioner argues that the additional claims raised in his § 2254 petition were procedurally defaulted because of his attorney's ineffective assistance. The Michigan Court of Appeals noted that the claims were procedurally defaulted because they were not raised at trial, and reviewed the trial court record for plain error. *Osby*, 2013 WL 3814343, at *2-5. The court properly identified and applied *Strickland*, and there is a reasonable argument that counsel satisfied *Strickland*'s deferential standard. Petitioner did not overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and he did not show that any of this would have changed the outcome of the trial. Further, the Michigan Court of Appeals reasonably determined, in light of the evidence presented in the state-court proceeding, that Petitioner's ineffective assistance of counsel claims lacked merit. Also, its decision was not contrary to, and did not involve an unreasonable application of, clearly established federal law. Therefore, Petitioner's claims of ineffective assistance of counsel are without merit.

Moreover, because Petitioner's underlying claims were procedurally defaulted, he

5

must show either (1) cause for his failure to comply with the state procedural rule and actual prejudice flowing from the violation of federal law alleged in his claim, *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), or (2) that a lack of federal habeas review of the claim will result in a fundamental miscarriage of justice because he is actually innocent, *Schlup v. Delo*, 513 U.S. 298, 327 (1995). The Court construes Petitioner's claim of ineffective assistance of counsel as an attempt to establish cause and prejudice for his procedural default.

Cause must be something "*external* to the petitioner, something that cannot fairly be attributed to him: '[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)) (emphasis in original). If counsel's performance is not constitutionally-deficient under *Strickland*, the petitioner bears the risk of attorney error that results in a procedural default. *Murray*, 477 U.S. at 488. Because Petitioner has not satisfied *Strickland*'s two-prong test, he also has not shown cause for failure to comply with the state procedural rule. Therefore, he cannot get around his procedural default under *Wainwright*.

In addition, the miscarriage-of-justice exception to procedural default is only met in the extraordinary case where a prisoner asserts a claim of actual innocence based upon new, reliable evidence. *House v. Bell*, 547 U.S. 518, 536 (2006). A habeas petitioner asserting a claim of actual innocence must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable

6

doubt.  *Id.* (citing *Schlup*, 513 U.S. at 327).  Petitioner has not cited any new evidence, nor has he argued that he is actually innocent.  Petitioner also has not shown that no reasonable juror would have found him guilty beyond a reasonable doubt. Therefore, the miscarriage-of-justice exception cannot bypass his procedural default.  Because Petitioner has not demonstrated a way for the Court to bypass his procedural default, it will not exercise habeas review over those claims.

Although Petitioner disagrees with the Magistrate Judge's conclusion, Petitioner has not demonstrated that the conclusion was erroneous.  The R&R accurately recites the facts and correctly applies pertinent law.  The Court agrees with and adopts the Magistrate Judge's analysis of Petitioner's claims.  With regard to the sections of the R&R not specifically objected to, the Court has reviewed the matters and concludes that the R&R correctly analyzes the issues and makes a sound recommendation.

A judgment and order will enter consistent with this opinion.


Dated: <u>November 28, 2016</u>                          <u>/s/ Robert Holmes Bell</u>
                                                      ROBERT HOLMES BELL
                                                      UNITED STATES DISTRICT JUDGE